## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRANDON M. LANGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00806-MTS |
| ) | |
| JENNIFER CLEMONS-ABDULLAH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a self-represented litigant incarcerated in the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), has filed a complaint, Doc. [1], an Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], and a Motion for Appointment of Counsel, Doc. [2]. The Court will deny the Application without prejudice, and give Plaintiff 45 days to pay the $405 filing fee in full or comply with 28 U.S.C. § 1915(a). Additionally, the Court will deny, without prejudice, Plaintiff's Motion for Appointment of Counsel.

The Clerk of this Court must require a filer instituting this type of civil action to pay a statutory filing fee along with any additional fees set by the Judicial Conference of the United States. 28 U.S.C. § 1914(a), (b). At present, the total fee is $405. This Court may "authorize the commencement" of any suit, action, or proceeding without the prepayment of the fee if a filer is "unable to pay such fees or give security therefor" and files an affidavit stating the filer's assets, his or her inability to pay, and the nature of the action. *See* 28 U.S.C. § 1915(a)(1).

An additional requirement applies when, as here, the filer is a prisoner.[1] Under the Prison Litigation Reform Act ("the Act"), a prisoner must also "submit a certified copy of the trust fund

---

[1] For purposes of § 1915, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Using that statement, courts must "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" from the prisoner. 28 U.S.C. § 1915(b)(1).

After the prisoner pays the initial partial filing fee, he must make monthly payments until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). *See also Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). The Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action," then "the prisoner shall be required to pay the full amount of a filing fee").

Here, Plaintiff failed to include a certified copy of his account statement—or institutional equivalent—with his affidavit as required by section 1915(a)(2). As courts consistently note, Congress wrote section 1915 in mandatory terms. *See, e.g.*, *Samarripa v. Ormond*, 917 F.3d 515, 521 (6th Cir. 2019); *Edwards v. Neb. Dep't of Corr.*, 8:23-cv-0002-JFB, 2023 WL 2186984, at *1 (D. Neb. Feb. 23, 2023); *Aikens v. Osorio*, 3:22-cv-00312-MR, 2022 WL 3590349, at *1 (W.D.N.C. Aug. 22, 2022); *Ortega v. Phaneuf*, 1:19-cv-00893-JB, 2020 WL 4529334, at *1 (D.N.M. Apr. 8, 2020). Based on the plain text of § 1915, without the account statement, the Court cannot grant Plaintiff's Application. *See* 28 U.S.C. § 1915(a)(2), (b)(1).

The Court will therefore deny Plaintiff's Application without prejudice. *See Smith v. Urban*, 928 F. Supp. 532, 532 (E.D. Pa. 1996) (denying application for this reason); *Maisano v.*

*Trans Car Inc.*, 416 F. App'x 605, 605 (9th Cir. 2011) (per curiam) (affirming denial of application for this reason). The Court will give Plaintiff 45 days to pay the $405 filing fee in full or fully comply with section 1915(a). If Plaintiff fails to comply with this order, the Court will dismiss this case without prejudice and without further notice.[2] *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the Act, the failure to submit the prison account statement required by § 1915(a)(2) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))); *see also, e.g.*, *Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005); *DeVaughn v. Johnson*, 80 F. App'x 684, 685 (D.C. Cir. 2003) (per curiam).

Lastly, the Court addresses Plaintiff's Motion for Appointment of Counsel, Doc. [2]. In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id*. (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

---

[2] If Plaintiff files an application and the Court grants it, the Court will assess an initial partial filing fee and direct Plaintiff to pay it. After Plaintiff pays the initial partial filing fee, he will be required to pay the remainder of the filing fee in installments over time. Also, the Court will review Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it is subject to summary dismissal. Plaintiff will be responsible for paying the filing fee even if the Court dismisses his case upon initial review. *See Tyler*, 110 F.3d at 529–30. If Plaintiff pays the $405 filing fee in full, the Court will review his complaint in accordance with 28 U.S.C. § 1915A to determine whether it is subject to summary dismissal.

The Court finds that appointment of counsel is not warranted at this time. Until Plaintiff either pays the filing fee or obtains *in forma pauperis* status and pays an initial partial filing fee, the Court cannot properly assess the merits of his claims or determine whether he or the Court would benefit from the assistance of counsel. Therefore, the Court denies, without prejudice, Plaintiff's Motion for Appointment of Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within 45 days of the date of this Memorandum and Order, Plaintiff must either pay the $405 filing fee in full or file a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED** without prejudice.

Dated this 28th day of August 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE