## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRANDON M. LANGSTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-0806-MTS |
| JENNIFER CLEMONS-ABDULLAH, *et al.*, | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Self-Represented Plaintiff Brandon M. Langston's Second Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [5]. Plaintiff is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center. Having reviewed the Second Application and inmate account statement, the Court will grant the Second Application and assess an initial partial filing fee of one dollar and ninety-five cents ($1.95). *See* 28 U.S.C. § 1915(b)(1) (explaining calculation of initial partial filing fee).

Plaintiff shall pay the initial partial filing fee no later than **Monday**, **March 09, 2026**.* Failure to do so will result in the dismissal of this action without further notice. *See Walker v. Galbreth*, 382 F. App'x 522 (8th Cir. 2010) (per curiam) (affirming

---

* Plaintiff may also seek an extension of time to pay the initial partial filing fee consistent with Federal Rule of Civil Procedure 6(b). *See also* 4B *Wright & Miller's Federal Practice & Procedure* § 1165 ("Because the district court may exercise its discretion under Rule 6(b)(1) only 'for good cause,' a party must demonstrate some justification for the issuance of the extension.").

dismissal under Federal Rule of Civil Procedure 41(b) for failure to pay initial partial filing fee); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the Prison Litigation Reform Act, the failure to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

After his initial payment, Plaintiff then will be required to make monthly payments in accordance with 28 U.S.C. § 1915(b)(2) until he pays the full filing fee. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining that prisoner-litigants must "pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"); *Wooten v. D.C. Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997) (explaining that "unlike other plaintiffs," prisoners "always must pay in full").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [5], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of one dollar and ninety-five cents ($1.95) no later than **Monday**, **March 09, 2026**. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and

- 3 -

include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

Dated this 6th day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE